1
2
3
4
5
6

JEAN G. VIDAL FONT, State Bar No. 266475
jvidal@ferraiuoli.com
FERRAIUOLI LLC
221 Ponce de León
5th Floor
San Juan, PR 00917
Telephone: 787-766-7000
FACSIMILE: 787-766-7001

Counsels for Electronic Communications Technologies, LLC

7
8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| **Kindred Studio Illustration and Design LLC d/b/a True Grit**<br><br>        Plaintiff,<br><br>        v.<br><br>**Electronic Communications Technologies, LLC**<br>        Defendant | CASE NO.: **2:18-cv-07661-GW-GJS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PLAINTIFF'S MOTION FOR FEES PURSUANT TO 35 U.S.C. § 285** |

19
20
21
22

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN RESPONSE TO PLAINTIFF'S MOTION FOR FEES PURSUANT**
**TO 35 U.S.C. § 285**

23
24
25
26
27
28

        Defendant Electronic Communications Technologies, LLC ("Defendant" or

"ECT") submits this brief in support of its Response in Opposition to Plaintiff's

Motion for Fees Pursuant (Docket No. 37).

# Table of Contents

I.      INTRODUCTION                                                                6

II.     LEGAL STANDARD

        A.      Attorney's Fees under 35 U.S.C. § 285                               7

III.    APPLICABLE LAW

        A. This case is not exceptional and plaintiff has failed to prove as much   11

                (i) ECT has not engaged in predatory conduct, and there is no
                    evidence on the record otherwise                                14

                (ii) ECT's infringement allegations were not objectively meritless  17

                (iii) ECT did not falsify evidence                                  19

                (iv) ECT's assertions are proper even after *McKinley*              21

                (v) Deterrence is not needed when there is no misconduct            22

V.      CONCLUSION                                                                  23

1

TABLE OF AUTHORITIES

*Akeso Health Sciences, LLC v. Designs for Health, Inc.,*

   2018 WL 3815035 (C.D. Ca. 2018)------------------------------------------------------------ 12

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*

   134 S.Ct. 2347 (2014) --------------------------------------------------------------------------- 13

*Biax Corp. v. Nvidia Corp.,*

   626 F. App'x 968 (Fed. Cir. 2015)---------------------------------------------------------------7

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.,*

   858 F.3d 1371 (Fed. Cir. 2017) ----------------------------------------------------------------- 10

*Eclipse IP LLC v McKinley Equipment Corporation,*

   No. 2:14-cv-00154-GW-AJW (C.D. California 2014)------------------------------------------ 19

*Edekka LLC v. 3balls.com, Inc.,*

   2015 WL 9225038 (EDTX 2015)------------------------------------------------------- 17, 18

*Electronic Communication Technologies, LLC v. Minted, LLC,*

   Civ. No. 9:16-cv-81669 (S.D. Fla. 2016) ------------------------------------------------------ 14

*Electronic Communication Technologies, LLC v. ShoppersChoice.com, LLC,*

   Civ. No.  9:16-cv-81677 (S.D. Fla. 2016) ----------------------------------------------------- 14

*Enovsys LLC v. AT&T Mobility LLC,*

   2016 WL 3460794 (C.D.Ca. 2016)------------------------------------------------------------- 10

*Eon-Net LP v. Flagstar Bancorp,*

   653 F.3d 1314 (Fed. Cir. 2011) ----------------------------------------------------------------- 19

*Gaymar Indus v. Cincinnati Sub-Zero Prods.,*

790 F.3d 1369 (Fed. Cir. 2015) ------------------------------------------------------7

*Highway Equipment Co. v. FECO, Ltd.*,

469 F.3d 1027 (Fed. Cir. 2006) ------------------------------------------- 10, 11

*Homeland Housewares, LLC v. Sorensen Research & Dev. Trust*,

581 Fed Appx. 877 (Fed. Cir. 2014) ----------------------------------------7

*Impax Labs. Inc. v. Lannett Holdings Inc.*,

893 F.3d 1372 (Fed. Cir. 2018) ----------------------------------------------- 20

*Munchkin Inc v. Luv N' Care Ltd et al*,

2-13-cv-06787 (CACD 2018) --------------------------------------------- 15, 16

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,

572 U.S. 545 (2014) -------------------------------------------------- 6, 7, 9, 14

*Q-Pharma, Inc. v. Andrew Jergens Co.*,

360 F.3d 1295 (Fed. Cir. 2004) ----------------------------------------------- 18

*Raylon LLC v. Complus Data Innovations*,

2011 WL 13098297 (E.D. Tex. 2011) ---------------------------------------- 14

*Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, LLC*,

858 F.3d 1383 (Fed. Cir. 2017) ----------------------------------------------- 16

*SFA Sys., LLC v. Newegg, Inc.*,

793 F.3d 1344 (Fed. Cir. 2015) ----------------------------------------8, 9, 11, 12

*Shipping and Transit, LLC v. Hall Enterprises, Inc.*,

2017 WL 3485782 (C.D. Ca. 2017) ------------------------------------------ 13

*Shipping and Transit, LLC v. LensDiscounters.com, a division of LD Vision Group, Inc.*,

2017 WL 5434581 (S.D. Fl. 2017) ----------------------------------------- 13, 17

*Site Update Sols., LLC v. CBS Corp.*,

    639 F. App'x 634 (Fed. Cir. 2016)----------------------------------------------------------------8

*Small v. Implant Direct Mfg. LLC*,

    2014 WL 5463621 (S.D.N.Y. 2014) --------------------------------------------------------21

*Spineology, Inc. v. Wright Medical Technology, Inc.*,

    2018 WL 6579894 (Fed. Cir. 2018)------------------------------------------------------10

*Stone Basket Innovations, LLC v. Cook Med. LLC*,

    892 F.3d 1175 (Fed. Cir. 2018) -----------------------------------------------------------9

*Trover Grp., Inc. v. Dedicated Micros USA*,

    2015 WL 4910875 (E.D. Tex. 2015)--------------------------------------------------20

S<small>TATUTES</small>

35 U.S.C. § 101-----------------------------------------------------------------------------------14

35 U.S.C. § 102-----------------------------------------------------------------------------------14

35 U.S.C. § 103-----------------------------------------------------------------------------------14

35 U.S.C. § 112-----------------------------------------------------------------------------------14

35 U.S.C. § 282-----------------------------------------------------------------------------------20

35 U.S.C. § 285----------------------------------------------------------------------------6, 8, 21

## I.   INTRODUCTION

Plaintiff, Kindred Studio Illustration and Design, LLC ("Plaintiff" or "Kindred") seeks to deem the present case as an *exceptional* case under the Patent Act, specifically under Section 285 of the Patent Act. Unfortunately for Plaintiff, the facts simply do not allow for such a finding. As this motion will set forth, and as this Court can attest, the ***present*** case has been anything but exceptional, and Plaintiff has not met the high burden necessary to deem this case as *exceptional*. In short, this case has been characterized by the following facts: (1) Plaintiff opted to sue first, demand later; (2) Plaintiff fought the executed covenant not to sue ("CNS") Defendant afforded it, and ultimately lost its argument in opposition of the validity of the CNS; (3) Plaintiff's remaining claims were successfully dismissed (without prejudice) as a result of Defendant's Motion to Dismiss (proving that Defendant did not act recklessly in this litigation); and (4) Plaintiff relies strongly on the actions of third parties completely alien to the ***litigation at hand*** (namely, Plaintiff relies on the actions of third party entities such as Shipping and Transit LLC without establishing proof or a record of a successful argument of alter ego). For these reasons, and given the fact that the case law cited by Plaintiff is entirely distinguishable, Defendant requests that this Court deny Plaintiff's Motion for Fees.

## II.   LEGAL STANDARD

### A. Attorney's Fees under 35 U.S.C. § 285

The granting of attorney fees under *35 U.S.C. § 285* is no trivial matter. It is granted only in *exceptional* cases where the facts on the record basically demand that the Court take additional measures to sanction the non-prevailing party. The decision to deem a case as *exceptional* must rely on evidence in the record, and not on mere allegations and conclusory statements. It must be done so given the facts at the case at hand, not based on unrelated litigation. For purposes of the aforementioned statute, an 'exceptional' case is one that stands out from others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which **the case was litigated**. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The Supreme Court also restated in *Octane* that fee shifting applies for "willful disobedience of a court order" or when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id* at 557. However, there is no precise rule or formula for making the determination of whether a case is exceptional. Said determination is to be done by the Court on a case-by-case basis, considering the totality of the circumstances, and based on a preponderance of the evidence standard. Furthermore, fee shifting should not be used "as a penalty for failure to win a patent infringement suit," but as appropriate "only in extraordinary circumstances." *Id*.

Neither 35 USC § 285 nor *Octane* establish the specific behavior in which a losing party must engage in order for the case to be considered exceptional. Case law, however, shows what courts have considered such behavior. For example, in *Homeland Housewares, LLC v. Sorensen Research & Dev. Trust*, 581 Fed Appx. 877, 881 (Fed. Cir. 2014), fees were awarded because, after an unfavorable claim construction, the Plaintiff failed to provide admissible evidence of infringement and **filed multiple unsolicited briefs and meritless motions**. As an initial point, it is worth noting that Defendant's Motion to Dismiss (Dkt No.21) was not meritless, as it was granted despite Plaintiff's opposition.

The Federal Circuit has required objective reasonableness as a factor to determine if a party is litigating in bad faith. A party's continued assertion of their infringement theory, even in light of an unfavorable claim construction, does not render it unreasonable. In *Biax Corp. v. Nvidia Corp.*, 626 F. App'x 968, 973 (Fed. Cir. 2015), attorney's fees were denied when even after an unfavorable claim construction, Plaintiff continued to assert its infringement arguments because "neither the expert testimony nor the claim construction orders foreclosed [Plaintiff]'s position and there was nothing unreasonable about [Plaintiff]'s infringement position." Furthermore, in *Gaymar Indus v. Cincinnati Sub-Zero Prods.*, 790 F.3d 1369, 1371 (Fed. Cir. 2015), the Federal Circuit remanded the denial of attorney's fees, considering that "sloppiness on the part of litigants" does

not automatically make a case exceptional for attorney's fees purposes and requiring that the district court take into account "the strength of [Plaintiff]s litigation position and the sustained finding that [Plaintiff]'s litigation position was not objectively baseless. "[Plaintiff]'s tactical blunders and mistakes do not warrant fees under 35 U.S.C. § 285. […] Plaintiff tried and failed, but losing a case does not make it exceptional." *Site Update Sols., LLC v. CBS Corp.*, 639 F. App'x 634, 637 (Fed. Cir. 2016).

Making a record that supports the alleged misconduct that leads to a request of attorney's fees is also an important factor that courts must consider when finding a case exceptional. *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1350–51 (Fed. Cir. 2015). In *SFA*, Newegg argued to the district court that Plaintiff engaged in a vexatious litigation strategy based on evidence that: (1) Plaintiff dismissed its claims against Defendant once it was faced with the prospect of a trial in which the merits of its claims would be tested; (2) Plaintiff sued many defendants for infringement of the same patents; and (3) Plaintiff frequently settled with prior defendants for relatively small amounts. The Federal Circuit found that Defendant's evidence was insufficient to show that Plaintiff actually litigated the case in an unreasonable manner. Although Plaintiff dismissed a suit after the court had ruled in its favor on claim construction and only six months before trial, Defendant presented no evidence that the dismissal was because Plaintiff knew that Defendant was not going

to settle. The mere existence of other suits does not mandate negative inferences about the merits or purpose of the present suit. *Id*. (citations omitted). Therefore, allegations of bad faith based on other cases must supported by evidence on the record in order for the court to deem a case exceptional.

A party's similar conduct in other litigation is also relevant when determining if the case is exceptional. *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1183 (Fed. Cir. 2018). In *Stone Basket*, the Federal Circuit held that the District Court did not err when it found that Plaintiff did not sue Defendant for the sole purpose of forcing settlements without any intention of testing the merits of its claim, as it had allegedly done with other defendants. Conclusory allegations regarding a pattern of vexatious litigation solely to extract nuisance payments are not enough to warrant an award of attorney's fees. For a case to be deemed exceptional, the movant is required to **demonstrate**, providing evidence that the number of settlements or type of settlement proposed rises to what courts have previously considered exceptional.

In sum, as the Supreme Court stated in *Octane*, finding a case exceptional for the purpose of awarding attorney's fees is a "common-law exception to the general 'American rule' against fee-shifting—an exception, 'inherent' in the "power [of] the courts." *Octane* at 557.

CASE NO. 18-07661                    10        RESPONSE TO MOTION FOR ATTORNEY'S FEES

## III.    APPLICABLE LAW

### A. THIS CASE IS NOT EXCEPTIONAL AND PLAINTIFF HAS FAILED TO PROVE AS MUCH.

The Federal Circuit has clearly held that fee awards are not an automatic grant to the victor in a suit. See, *Spineology, Inc. v. Wright Medical Technology, Inc., a Delaware Corporation*, 2018 WL 6579894 (Fed. Cir. 2018) (citations omitted) *citing Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017). ("Fee awards are not to be used as a penalty for failure to win a patent infringement suit.") Attorneys' fees under the Patent Act, 35 U.S.C. § 285 require not only the determination of a prevailing party, but also of a case being **exceptional**. "A court considering an attorney's fees award under Section 285 should seek to further Congress' two-fold policy objective in enacting Section 285: (1) to provide a deterrent to frivolous or unnecessary patent litigation, and (2) to serve a compensatory purpose for the parties injured by such litigation." *Enovsys LLC v. AT&T Mobility LLC*, 2016 WL 3460794, 7 (C.D.Ca. 2016) (citations omitted). Even in cases where a covenant not to sue has been the focus of a dismissal, Courts have held that this is not enough to sustain a claim of "exceptional case" when requesting attorneys' fees. *See, Highway Equipment Co. v. FECO, Ltd.*, 469 F.3d 1027, 1034-

1035 (Fed. Cir. 2006) (holding that the district court did not abuse its discretion by not deeming a case exceptional).

Plaintiff's arguments fail as a matter of fact and law when considering its reliance on case law that is completely distinguishable from the case at hand. Plaintiff relies on *Highway Equipment* when arguing in favor of finding Plaintiff as the prevailing party and requesting this Court grants it attorneys' fees under Sec. 35 U.S.C. § 285. To be clear, Defendant does not contest that Plaintiff is not the prevailing party since the patent claims were dismissed with prejudice, yet that fact alone does not deem the case exceptional. As Plaintiff cites to *Highway Equipment*, it should also note that in said case, the District Court rejected a fee award for situations that are not remotely present in this case. Specifically, the Court noted:

"Third, as concerns Highway Equipment's alleged litigation misconduct, FECO submits six instances of misconduct including improper or untimely disclosure of expert reports and exhibits, evasive witness testimony, failure to honor its statutory obligation under 322F, and filing the covenant on the "eve of trial."

…

FECO has shown no clear error in the district court's findings and we decline to second-guess the district court's judgment that the

defendant is not entitled to attorney fees based on litigation misconduct." *Highway Equip. Co., Id* at 1037

As this Court can attest, there is no evidence of litigation misconduct in this case. Plaintiff's argument rests mostly on what it perceives to have happened (without evidence) in unrelated litigation, and not in this litigation. As opposed to what happened in the *SAF Sys.* case, in this case: (1) Defendant successfully dismissed Plaintiff's claims despite its opposition; (2) Plaintiff erroneously attributes the litigation of third parties (such as Shipping and Transit) to Defendant without any evidence as to their relation or relevance; and (3) Plaintiff has provided no evidence on the record as to the alleged prior settlements with other defendants. In contrast, the Court in *SAF Sys.*, had all of the pertinent factors were squarely placed in the record. That is not the situation here.

Plaintiff supports its contentions that this case is exceptional based on five (5) principal arguments: "(1) ECT's predatory litigation conduct; (2) the deep disparity in litigation strength among the Parties: (3) ECT appears to have doctored its infringement allegations to hide actual conclusive proof of non-infringement; (4) no reasonable party could have continued to assert the '261 Patent after McKinley; and (5) the necessity of deterrence." *See* Dkt No. 37, p. 8.

**(i)      ECT HAS NOT ENGAGED IN PREDATORY CONDUCT, AND THERE IS NO EVIDENCE ON THE RECORD OTHERWISE.**

Plaintiff's argues that Defendant should be sanctioned for allegedly engaging in nuisance value rent-seeking with no intention of litigating the merits. This Court has previously held that filing successive actions or enforcing a patent does not necessarily demonstrate bad faith, for purposes of holding a case exceptional, since a patent owner may choose to monetize his intellectual property at any time that he believes in his best interest. *See, Akeso Health Sciences, LLC v. Designs for Health, Inc.*, 2018 WL 3815035, 3 (C.D. Ca. 2018) (holding that evidence of improper behavior was not enough to award attorneys' fees).

Plaintiff's argument of nuisance suit litigation relies on holdings which are also completely distinguishable and unrelated to the present case. Specifically, Plaintiff relies on *Shipping & Transit, LLC v. Hall Enters* and *Shipping & Transit, LLC v. LensDiscounters.com*. *See, Shipping and Transit, LLC v. Hall Enterprises, Inc.*, 2017 WL 3485782 (C.D. Ca. 2017) and *Shipping and Transit, LLC v. LensDiscounters.com, a division of LD Vision Group, Inc.*, 2017 WL 5434581 (S.D. Fl. 2017).

In *Shipping & Transit, LLC v. Hall Enters* the Court based its decision on awarding attorneys' fees on the conclusion that Plaintiff's case was weak, considering the generically described technologies were conventional and known

before the alleged inventions, thus the Plaintiff's 35 U.S.C. § 101 position was objectively unreasonable in light of the Supreme Court's Alice decision. *Id.* at 7; *see also Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2355, 189 L.Ed. 2d 296 (2014). In the present case, however, such a decision on the merits of the asserted patent was never rendered.

Furthermore, Plaintiff contends that ECT repeatedly dismisses lawsuits in order to avoid a ruling on the merits. The mere fact that settlement offers have been made in other cases does not automatically mean that Plaintiff is coercing nuisance value. "An exceptional case 'is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) […]'". *Octane Fitness*. In all of the cases ECT has filed asserting the '261 Patent, ECT has made the arguments with the same strength, based on the same analysis of the claims and the accused products. Furthermore, there are currently two open cases where ECT is the plaintiff and has continued litigation of its claims, regardless of the possibility of a ruling on the merits of the '261 patent's validity as to 35 U.S.C. § 101, 102, 103, or 112. Specifically, the following two cases are pending before the Southern District of Florida and ECT has submitted its arguments against the respective dispositive motions:

- Electronic Communication Technologies, LLC v. Minted, LLC, Civ. No. 9:16-cv-81669

- Electronic Communication Technologies, LLC v. ShoppersChoice.com, LLC, Civ. No. 9:16-cv-81677

An immediate settlement offer is in no way a demonstration of bad faith. "Prosecuting and defending patent litigation is undoubtedly expensive for both sides. And that expense must be borne by both sides in resolving a dispute on the merits— by settlement or trial." *Raylon LLC v. Complus Data Innovations,* 2011 WL 13098297, at *3 (E.D. Tex. Mar. 9, 2011). Litigation is expensive to every party involved. As Plaintiff stated, ECT has had many lawsuits filed related to the infringement of the '261 patent. Settlement offers cut litigation costs for both the Defendants and the Plaintiff. ECT is looking to claim its right to exclude and protect its intellectual property from illegal use, not to exploit defendants. As such, ECT has responsibly litigated in the past, and settled in a responsible manner taking into account specific facts and circumstances for each case (none of which have been disputed with evidence by Plaintiff).

To this point, this Court has recently ruled that a settlement offer is a **reasonable** route to resolution, even when faced "almost certain defeat." *See Munchkin Inc v. Luv N' Care Ltd et al*, 2-13-cv-06787 (CACD December 27, 2018). In *Munchkin*, the plaintiff insisted on pursuing its infringement allegations even

though it knew of invalidating prior art before filing the patent application that resulted in the asserted patent. The plaintiff in *Munchkin* not only failed to disclose said prior art to the examiner during prosecution, but also failed to do so during discovery of the patent infringement case. Furthermore, the asserted patent was found to be invalid under prior art patents provided by the defendant in its invalidity contentions, which it later relied upon in an *Inter Partes Review* (IPR) petition. Said IPR proceeding was granted and all the claims of the asserted patent were found to be invalid under prior art. All these factors were taken into account by this Court in its analysis leading to an award of attorney's fees, stating that "Munchkin's doggedness in the face of almost certain defeat was unreasonable and makes this case stand out from other cases. A reasonable patentee would have settled this case." Not only did this Court suggest settlement under these circumstances, but it awarded attorney's fees **because** no settlement was explored neither before nor after these circumstances. As this Court can attest, **none** of the circumstances in *Munchkin* exist in this case, nor have they been presented as evidence.

### (ii) ECT'S INFRINGEMENT ALLEGATIONS WERE NOT OBJECTIVELY MERITLESS.

Plaintiff's reliance on *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, LLC,* 858 F.3d 1383 (Fed. Cir. 2017) ("RCDI") to argue that ECT's allegations are objectively meritless is misplaced and serves only

to support Defendant's position. A key point in the *RCDI* case is the fact that the Plaintiff was served with a Rule 11(b) motion and continued with its case despite of it. As Defendant pointed out in its introduction, Plaintiff opted to sue first, discuss later. On the one hand, Plaintiff claims that ECT routinely "gives up" when faced with a written opposition. Yet if Plaintiff knew this, why did it sue? Why did it not follow its own advice and simply send ECT a letter (presumably the infamous EFF Letter cited in its motions) if it was so sure that ECT would desist? No. Plaintiff took no steps to lessen its litigation burden. Plaintiff wanted to prove a point, and as such, opted to sue first without any warning to Defendant. While Plaintiff is certainly entitled to its litigation strategy, it cannot be entitled to receiving a fee award for such an aggressive tactic (when by its own arguments, it would have avoided the situation entirely since Plaintiff alleges that ECT would not have challenged the written position). *See* Complaint, Dkt No. 1, p.68.

Furthermore, unlike the present case, *Shipping and Transit, LLC v. LensDiscounters.com*'s holding of attorney's fees relies on various factors, such as: (1) the absence of a request for the identity of defendants shippers in a pre-suit demand letter; (2) the unconvincing argument that the case became not worth pursuing after initial discovery; and (3) hundreds of similar and/or identical lawsuits filed in the district. *See, Shipping and Transit, LLC v. LensDiscounters.com*, *Id.* at 5. None of these factors are present in this case, rather the only thing that is present

and on the record is that Defendant prevailed on all of its counts of its Motion to Dismiss despite Plaintiff's opposition.

Another case Plaintiff relies on is *Edekka LLC v. 3balls.com, Inc.*, in which unlike the present case, the Plaintiff filed the lawsuit claiming patent infringement and had repeatedly offered insupportable arguments on behalf of an obviously weak patent, which when challenged pursuant to 35 U.S.C. § 101, it did not serve a defensible response. *See, Edekka LLC v. 3balls.com, Inc.*, 2015 WL 9225038, 4 (E.D.Tx. 2015). Specifically, in *Edekka*, Judge Gilstrap pointed out that the plaintiff's arguments to support its section 101 position were "objectively unreasonable" evidenced by the fact that the plaintiff only set forth "two wholly conclusory declarations" to support its arguments. Id. at *2. The Court further found that the plaintiff had litigated in an unreasonable manner since the settlement offers made were as low as three-thousand dollars **two days before the section 101 hearing**. While it may be tempting to think that all cases are potential *Edekka* cases, the facts for this case say otherwise.

**(iii)   ECT DID NOT FALSIFY EVIDENCE**

35 USC § 285 does not establish the specific extent to which a Plaintiff must investigate its claims. Case law, however, has stated what constitutes a reasonable pre-filing inquiry and what would make the case exceptional as to warrant attorney's

fees. "[T]he presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case […] And an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004). ECT obtained a claim chart that analyzes the accused product and explicitly lists each and every one of the elements of the asserted claim. Furthermore, ECT has also obtained official information from the Defendant's website describing their products and their functionality.   A "good faith, informed comparison" can be done with the aforementioned information and reasonably a lead a person to believe infringement has taken place. Actual purchase of a product was not required to reasonably believe there was infringement.

Plaintiff contends that ECT has doctored images on True Grit's website in order to circumvent clear evidence of non-infringement merely because a screenshot of an order confirmation screen was taken from said website's Support page. The reason for said screenshot was to show the element of authentication information required by the asserted claim. The billing address shown in the screenshot provides support for the allegation that a customer enters or selects authentication information that is to be used in later communications to ensure that said communications' source is a legitimate one. Plaintiff's allegation that intentional omissions were made lacks

merit, as no other part of the Support page was needed to show the intended support for the infringement allegations.

Plaintiff also relied on is *Eon-Net v. Flagstar Bancorp.*, yet Plaintiff's argument is flawed. Specifically, this case is distinguishable from *Eon-Net* given that the plaintiff in *Eon-Net* was found to destroy evidence and engaged in offensive litigation tactics. *See, Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1320 (Fed. Cir. 2011). In the present case, there has neither been any destruction of evidence, nor has there been any offensive litigation tactics.

**(iv)   ECT'S ASSERTIONS ARE PROPER EVEN AFTER MCKINLEY.**

Plaintiff further contends that the claims in the '261 patent and the invalidated claims in case *Eclipse IP LLC v McKinley Equipment Corporation*, No. 2:14-cv-00154-GW-AJW (C.D. California) are indistinguishable because they share a specification. This is simply wrong. The specifications are not the key determinant in whether or not a claim is valid, rather it is the text of the claims that are determinant. Yet, and fatally to Plaintiff's Motion, there was no determination as to the '261 Patent's validity vis-à-vis the '716, '681, and '110 Patents asserted (and invalidated) in McKinley in this case. To make a determination at this stage (in a fee award motion) that the '261 Patent, which is valid as of date, cannot be asserted in light of the McKinley case would be to have a mini-trial following the dismissal of the patent claims. *See Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-

1047-WCB, 2015 WL 4910875, at*3 (E.D. Tex. Aug. 17, 2015) (denying attorney

fees, stating "for a case dismissed before trial to be designated exceptional, evidence

of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial'

on the merits"). The fact remains that the '261 Patent is valid and enforceable, and

any comparison or evaluation with the McKinley Order is simply out of the scope

of a fee award motion.

Simply put, the law still holds that patents are presumed valid, and the

burden of establishing invalidity rests on the party asserting such invalidity. *See*

*Impax Labs. Inc. v. Lannett Holdings Inc.*, 893 F.3d 1372, 1378 (Fed. Cir. 2018); 35

U.S.C. 282.

(v)   **DETERRENCE IS NOT NEEDED WHEN THERE IS NO MISCONDUCT**

Plaintiff contends that deterrence is needed in this case due to ECT's alleged

misconduct in previous litigations. However, as shown above, Plaintiff has failed to

provide evidence that ECT's litigation history includes any kind of misconduct, and

ECT's infringement allegations have never been objectively baseless. *See Small v.*

*Implant Direct Mfg. LLC*, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23,

2014), aff'd, 609 F. App'x 650 (Fed. Cir. 2015) ("[W]here a party has set forth some

good faith argument in favor of its position, it will generally not be found to have

advanced "exceptionally meritless" claims. [...] [T]he need for the deterrent impact

of a fee award is greater where there is evidence that the plaintiff is a "patent troll" or has engaged in extortive litigation.")

## IV.   CONCLUSION

In view of the foregoing, Plaintiff has failed to demonstrate that this case is exceptional under 35 U.S.C. § 285. Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion for Fees.

DATED:  January 9, 2019

Respectfully submitted,

**FERRAIUOLI, LLC**

By:/s/ Jean G. Vidal Font
JEAN G. VIDAL FONT
State Bar No. 266475
jvidal@ferraiuoli.com
221 Ponce de León
5th Floor
San Juan, PR 00917
Telephone: 787-766-7000
Facsimile: 787-766-7001

**Attorneys for Defendant**

1
2
3

## CERTIFICATE OF SERVICE

4
5

I hereby certify that a copy of the foregoing was served on January 9, 2019 upon

6

the following counsel of record by electronic mail delivery by way of the

7

Court's ECF System to the addresses below:

8
9

Rachael D. Lamkin   RDL@LamkinIPDefense.com

10

DATED:  _____

By:  /s/ Jean G. Vidal

11

Jean G. Vidal
Attorneys for Defendant

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28