LAMKIN IP DEFENSE
Rachael D. Lamkin (246066)
655 Montgomery St., 7th Floor
San Francisco, CA 94111
916.747.6091
RDL@LamkinIPDefense.com

*Attorneys for DJ Plaintiff True Grit*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kindred Studio Illustration and Design, LLC (aka True Grit) | Case No. 2:18-cv-07661-GJS |
| Plaintiff, | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | Hon. Gail J. Standish |
| Electronic Communication Technology, LLC | |
| Defendant. | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Kindred Studio Illustration and Design, LLC (d/b/a True Grit Texture Supply, hereafter "True Grit") respectfully files this Notice of Supplemental Authority in response to this Court's request for cases supporting a fees award where all complained-of-conduct occurred prior to suit.

The Parties and this Honorable Court have already waded through extensive fees briefing and True Grit and its counsel are very respectful and mindful of this Court's limited time. However, yesterday, the Federal Circuit affirmed a case directly addressing this Court's request for cases supporting the award of attorney's fees where all complained-of-conduct occurs pre-suit. Given that the case in on all-fours with the Court's request, True Grit files it herewith.

In *ThermoLife Int'l LLC v. GNC Corp.,* Nos. 2018-1657, 2018-1666, 2019 U.S. App. LEXIS 13135 (Fed. Cir. May 1, 2019) the Federal Circuit affirmed the district court's Fees Order based upon the failure to conduct an adequate pre-suit infringement analysis. *Id.*, at *13, 31. The district court had awarded fees based on one additional basis (a pattern of litigation misconduct), but the Federal Circuit, upon lengthy discussion, disagreed with the latter finding and affirmed the fees award based upon the failure to conduct an adequate pre-suit investigation alone. *Id.*

In so doing, the Federal Circuit noted that the failure to conduct an adequate pre-suit investigation is alone justification for a fees award. *Id.*, at *15 ("We conclude that the district court in this case acted within its discretion in determining, on the limited arguments plaintiffs made in response to the fee motions, that plaintiffs did not conduct an adequate pre-suit investigation into infringement by Hi-Tech and Vital. That determination would suffice to support the exceptional-case determination.")

Finally, Appellant argued that, since the district court never adjudicated the merits of non-infringement, a fees award based on the failure to conduct an adequate pre-suit investigation was inappropriate. The Federal Circuit disagreed, citing authority in support of awarding fees on an issue not adjudicated to the merits. *Id.*, at *16. The Federal Circuit did note that, "a fuller explanation of the court's assessment of a litigant's position may well be needed when a district court focuses on a freshly considered issue than one that has already been fully litigated." *Id.*

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin

*Attorneys for DJ Plaintiff True Grit*

## CERTIFICATE OF SERVICE

On this date, May 2, 2019, the following documents were served upon Defendant's counsel of record through the Court's ECF system:

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

*Rachael D. Lamkin*
Rachael D. Lamkin
LAMKIN IP DEFENSE
655 Montgomery St., 7th Floor
San Francisco, CA 94111